James S. Link (SBN 94280)
Counselor & Advocate at Law
215 N. Marengo, 3rd Floor
Pasadena, CA 91101
(626) 793-9570
(626) 628-1925(fax)
james.s.link@att.net

Attorney for Defendant Hillcrest Real Estate LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>HILLCREST REAL ESTATE LLC, a California limited liability company dba Hilton Los Angeles/Universal City,<br><br>Defendant. | Case No.: 2:22-cv-04090-DFS-AGR<br><br>**Answer To Complaint** |

Defendant Hillcrest Real Estate LLC hereby responds to Plaintiff's complaint as follows:

1. Answering paragraph 1, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained in the paragraph and the whole thereof.

2. Answering paragraph 2, Defendant admits that it owns the hotel and that the hotel is a place of public accommodation. Except as herein expressly admitted, Defendant denies generally and specifically each and every allegation

contained in the paragraph and the whole thereof.

3. Answering paragraph 3, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

4. Answering paragraph 4, Defendant admits it does business within the judicial district of this court. Except as herein expressly admitted, Defendant denies generally and specifically each and every allegation contained in the paragraph and the whole thereof.

5. Answering paragraph 5, Defendant admits venue is proper. Except as herein expressly admitted, Defendant denies generally and specifically each and every allegation contained in the paragraph and the whole thereof.

6. Answering paragraph 6, Defendant alleges this Court has already declined supplemental jurisdiction. Additionally, defendant denies generally and specifically the accuracy of plaintiff's alleged interpretation of Arroyo vs. Rosas.

7. Answering paragraph 7, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

8. Answering paragraph 8, Defendant lack sufficient information and belief to respond to the allegations that plaintiff and her husband worked in the hospitality industry and that she and her husband are avid travelers to California and on that basis denies generally and specifically those allegations. Except as so denied, defendant denies generally and specifically each and every allegation contained in the paragraph and the whole thereof.

9. Answering paragraph 9, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained in the paragraph and the whole thereof.

10. Answering paragraph 10, Defendant lacks sufficient information and belief to respond to the allegations that plaintiff visited the property and on that basis denies generally and specifically those allegations. Defendant admits that it

has a passenger loading zone at the sidewalk fronting the lobby and that such passenger loading zone has a specific, marked, and dedicated access aisle for the dedicated passenger loading zone for the disabled. Except as so admitted and denied, defendant denies generally in specifically each and every allegation contained in the paragraph and the whole thereof.

  11. Answering paragraph 11, Defendant denies generally and specifically each and every allegation alleged therein and the whole thereof.

  12. Answering paragraph 12, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

  13. Answering paragraph 13, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

  14. Answering paragraph 14, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

  15. Answering paragraph 15, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

  16. Answering paragraph 16, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

  17. Answering paragraph 17, Defendant incorporates by reference as though fully set forth at length the responses to paragraphs 1 through 16, inclusive..

  18. Answering paragraph 18, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

  19. Answering paragraph 19, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

  20. Answering paragraph 20, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

  21. Answering paragraph 21, Defendant is informed and believes and on that basis alleges architectural and engineering designs would be required to install an access aisle for the loading zone that plaintiff allegedly seeks by this action and

would not be easily accomplishable and able to be carried out without much difficulty or expense.  Defendant further alleges a passenger loading zone properly marked and dedicated for use by the disabled already exists at the property. Except as so alleged, Defendant denies generally in specifically each and every allegation contained in the paragraph and the whole thereof.

22.   Answering paragraph 22, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

23.   Answering paragraph 23, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

Defendant denies generally in specifically each and every allegation contained in the prayer alleged between paragraphs 23 and 24 and the whole thereof.

24.   Answering paragraph 24, Defendant incorporates by reference as though fully set forth at length the responses to paragraphs 1 through 23, inclusive and the prayer.

25.   Answering paragraph 25, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

26.   Answering paragraph 26, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

27.   Answering paragraph 27, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

28.   Answering paragraph 28, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

29.   Answering paragraph 29, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

Defendant denies generally and  specifically each and every allegation contained in the prayer alleged after paragraph 29 and the whole thereof.

**FIRST AFFIRMATIVE DEFENSE**

1. Defendant alleges on information and belief the passenger loading zone and access aisle sought by plaintiff pursuant to the ADAAG regulations or the 2010 Standards For Accessible Design are not capable of being remediated on a readily achievable basis because they are not easily accomplishable and are not capable of being carried out without much difficulty or expense. Defendant is informed and believes and thereon alleges that the costs to be incurred for the alleged remediation exceeds the amount that is considered readily achievable, regardless of the financial condition of defendant, as a matter of law. See e.g., *Moore v. Robinson Oil Corp.*, 2012 U.S. Dist. LEXIS 80780, 20-22 (N.D. Cal. June 11, 2012); *Moore v. Robinson Oil Corp.*, 588 F. App'x 528, 529 (9th Cir. 2014); *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1072 (N.D. Cal. 2014); *Core v. Nese*, 2020 U.S. Dist. LEXIS 209842 (C.D. Cal. 2020).

**SECOND AFFIRMATIVE DEFENSE**

2. Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate the purported damages and further alleges, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff is barred from injunctive relief by the equitable doctrine of "unclean hands." Defendant is informed and believes and based on such information and belief alleges Plaintiff is a serial litigant with at least 316 Americans with Disabilities Act (ADA) cases filed in the United States District Courts, the vast majority of which were filed on or after January 1, 2020, asserting allegations against hotels and motels for the alleged lack of marked passenger loading zones. Defendant is further informed and believes in based on such information and belief alleges plaintiff has filed a total of 1394 ADA cases. In each case, in order to seek

injunctive relief, plaintiff alleges that she intends to return to each of the public accommodations visited and sued but has been deterred from doing so. The virtual impossibility of plaintiff having a real desire to return as a customer, guest or patron in part shows the litigation is contrived to extort settlements for damages and attorney fees. Further demonstrating that Plaintiff will not return to the public accommodation and is not deterred from doing so, she lives in Coolidge, Arizona 440 miles from the property in issue in this action.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by this action;
2. For costs of suit incurred herein, including reasonable attorney's fees;
3. For such other and further relief as the Court deems just and proper.

Date: August 29, 2022

James S. Link
Counselor & Advocate at Law

_____
James S. Link
Counsel for Defendant Hillcrest Real Estate LLC